# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **LEROY JUNIOR MOORE,** ) | |
| ) | |
| Plaintiff, ) | |
| **vs.** ) | Civil Action Number |
| ) | **2:12-cv-2517-AKK** |
| **BIRMINGHAM PUBLIC** ) | |
| **LIBRARY,** ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Leroy Junior Moore filed this action *pro se* against the Birmingham Library ("the Library") alleging what the court construes as a violation of his freedom of speech and due process rights under the First and Fourteenth Amendments. *See* docs. 1 and 44. Basically, Mr. Moore contends that the Library expelled him from its premises without just cause and/or because it concluded falsely that Mr. Moore distributed religious materials to its employees and patrons. Docs. 44, 45. The Library has moved for summary judgment contending that it expelled Mr. Moore because Mr. Moore purportedly engaged in disruptive behavior, in part, by sexually harassing its employees. Doc. 40. Mr. Moore also subsequently filed a cross motion for summary judgment, doc. 44, albeit 22 days after the court's deadline, *see* doc. 37, contending that the Library had no legitimate basis to ban

him from its premises. Both motions are fully briefed, docs. 41, 45, 47, 50-52, and, after carefully reviewing the contentions in this case, unfortunately for Mr. Moore, he has presented no evidence to support his claims. Accordingly, for the reasons set forth below, the court **GRANTS** the Library's motion, **DENIES** Mr. Moore's motion, and **DISMISSES** Mr. Moore's lawsuit.

## I.  SUMMARY JUDGMENT STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of proving the absence of a genuine issue of material fact. *Id*. at 323. The burden then shifts to the nonmoving party, who is required to "go beyond the pleadings" to establish that there is a "genuine issue for trial." *Id*. at 324 (citation and internal quotation marks omitted). A dispute about a material fact is genuine "if the evidence is such

that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The court must construe the evidence and all reasonable inferences arising from it in the light most favorable to the non-moving party.  *Id*.  However, "mere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion." *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005) (*per curiam*) (citing *Bald Mountain Park, Ltd. v. Oliver*, 863 F.2d 1560, 1563 (11th Cir. 1989)).

## II.  FACTUAL BACKGROUND

Mr. Moore regularly patronized the Birmingham Library's main branch located at 2100 Park Place, Birmingham, Alabama.  Doc. 41 at 17.  On or about May 2, 2011, a Library employee, Jiemin Fan, filed a harassment complaint against Mr. Moore alleging that, over the prior six months or more, Mr. Moore had regularly passed her notes expressing his interest in knowing her personally and asking her out on a date.  *Id*. at 21.  Fan also stated that Mr. Moore called the Library on several occasions asking to speak to her and that he engaged her in inappropriate conversations.  *Id*.  Fan told Mr. Moore she was flattered but that she was not interested and that he needed to stop.  *Id*.  According to Fan, Mr. Moore interfered with her ability to work, and that of her coworkers.  *Id*.  Mr. Moore denies engaging in this alleged conduct.  Docs. 1-1 at 1; 44 at 3.

Another Library employee, Mary Branch, also filed a harassment complaint against Mr. Moore on May 3, 2011.  Doc. 41 at 23.  Branch stated that Mr. Moore continuously asked her to deliver notes to Fan, that she read one note which asked Fan to go out for coffee, and that Mr. Moore called the Library impersonating a woman and asking to speak to Fan.  *Id*. at 24.  Branch stated that Mr. Moore's behavior "has become annoying to everyone who works in [the] ALS [Department]." *Id*.  Moreover, Branch added that Mr. Moore told another Library employee that he was "on the offender's list and that his missing teeth were knocked out in a fight with a woman."  *Id*.  Finally, Branch stated that Mr. Moore's "behavior has made us uncomfortable."  *Id*.  Mr. Moore also denies engaging in this alleged conduct.  Docs. 1-1 at 1; 44 at 3.

After Library Chief Security Officer Mike Lee investigated Fan's and Branch's complaints, Lee informed Mr. Moore that the Library would ban Mr. Moore from its premises if Mr. Moore continued to disturb the Library's employees and patrons.  *Id.* at 17.  Mr. Moore apparently did not heed the warning because Fan filed another complaint against him on June 24, 2011 when Mr. Moore came to the Library seeking to talk to Fan and allegedly solicited another Library patron to talk to Fan.  *Id*. at 25.  Fan stated that "[i]t is obvious that Moore has problems.  Security needs to be alerted of Moore/his issues, and take necessary

steps to handle the matter." *Id.* After investigating Fan's complaint, on June 28, 2011, the Chief of Security banned Mr. Moore from the Library for six months for violating the City's sexual harassment policy by harassing employees and for disrupting the employees and patrons use and enjoyment of the library. *Id*. at 18. Thereafter, on September 21, 2011, the Chief of Security recommended that the Library's Director, Renee Blalock, extend the expulsion to a full year due to an increasing number of "disturbing" phone calls Mr. Moore had allegedly made to the Library staff. *Id*. Consequently, on November 8, 2011, the Library extended Mr. Moore's expulsion an additional three months. *Id*. Blalock attempted unsuccessfully to contact Mr. Moore on November 28, 2011 to inform him that he could return to the Library no earlier than March 27, 2012. *Id*.

On February 24, 2012, Mr. Moore entered the Library and allegedly began cursing and talking loudly. *Id*. The Chief of Security called the police and subsequently had Mr. Moore arrested for trespass and disruptive behavior. *Id*. at 18, 27. The arrest report states that Mr. Moore "was trespassed from the Birmingham City Library after being accused of making improper advances to employees in the Youth Department. Today [Mr. Moore] returned to the Library[;] after being told to leave he refused, at that point he was arrested and transported to the City Jail without incident. The advances were sexual in nature

and [Mr. Moore] also wrote letters to the employees even after he was [banned] from the Library." *Id*. at 28.  The Library contends that Mr. Moore violated its policy prohibiting disruptive behavior towards the Library's patrons and employees.  *Id*. at 18, 30.  Mr. Moore denies violating the Library's policies and maintains that he never engaged in the alleged conduct.

### III.  ANALYSIS

Because Mr. Moore proceeds in this case *pro se* – that is, without an attorney – the court must construe his pleadings liberally.  *See Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008) (citation omitted).  However, "this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998).  Indeed, "[o]nce a *pro se* litigant is in court, he is subject to the relevant laws and rules of court, including the Federal Rules of Civil Procedure." *Smith v. Fla. Dep't of Corr.*, 369 F. App'x 36, 38 (11th Cir. 2010) (citing *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)).  Critically, although *pro se* complaints are entitled to a liberal interpretation by the courts, "a pro se litigant does not escape the essential burden under summary judgment standards of establishing that there is a genuine issue as to a fact material to his case in order to avert summary judgment." *Brown v.*

*Crawford*, 906 F.2d 667, 670 (11th Cir. 1990) (citations omitted).

In his pleadings and filings, Mr. Moore alleges a "violation of [his] civil rights,"[1] doc. 1-1 at 1, specifically, "Amend: #1 & Amend: #14," doc. 44 at 1, because he was "unlawfully arrested and expelled from a public facility without just cause," *id*., and alleges that a Library employee told him the Library banned him because he distributed religious pamphlets, doc. 45 at 1, a charge Mr. Moore states "cannot be sustained by video, or by witness," doc. 44 at 2 ¶3.[2] Based on these contentions, the court construes Mr. Moore's lawsuit as one for civil rights claims under Section 1983 for an alleged violation of the First Amendment for freedom of religious speech and the due process clause of the Fourteenth Amendment.

Section 1983 creates a cause of action against persons who violate the Constitution and federal laws while acting under state government authority: "[e]very person who, under color of any statute, ordinance, regulation, custom, or

---

[1]While Mr. Moore stated in his complaint that he was filing a "code 28:1343 Violation of Civil Rights," doc. 1-1 at 1, the court notes that 28 U.S.C. § 1343 is a jurisdictional statute that details when the court has jurisdiction over a civil rights action. Consequently, 28 U.S.C. § 1343 is not a private right of action. However, as discussed previously, the court construes Mr. Moore's complaint as a Section 1983 claim.

[2]Mr. Moore also raised state law claims in his summary judgment brief for defamation and slander. *See* doc. 45. However, the court will not address these claims because Mr. Moore did not raise them in his initial complaint and because the court declines to exercise supplemental jurisdiction over those claims. *See* 28 U.S.C. § 1367.

usage, of any State . . . , subjects, or causes to be subjected any citizen . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . ." 42 U.S.C. § 1983; *see also Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002) (reiterating that § 1983 "generally supplies a remedy for the vindication of rights secured by federal statutes" and the Constitution); *Shotz v. City of Plantation, Fla.*, 344 F.3d 1161, 1176 (11th Cir. 2003) (same).  Because the Birmingham Library is a "department or division" of the City of Birmingham, *see* doc. 41 at 16, municipal liability under Section 1983 applies to the Library's actions.

The court will first address Mr. Moore's First Amendment claim and then his due process claim.

### A.     First Amendment Claim

While the First Amendment protects religious literature distribution, *see e.g. Murdock v. Pennsylvania*, 319 U.S. 105 (1943), Mr. Moore seems to refute his own free speech claim by stating that the Library "cannot. . . sustain[] by video, or by witness" its contentions that Mr. Moore distributed religious materials.  Doc. 44 at 2.  Moreover, Mr. Moore provides no actual evidence that he distributed religious materials, and, in fact, his filings suggest that he denies doing so.  The court notes again that, "[w]hen a motion for summary judgment has been made

properly, the nonmoving party may not rely solely on the pleadings, but by affidavits, depositions, answers to interrogatories, and admissions must show that there are specific facts demonstrating that there is a genuine issue for trial." *Brown*, 906 F.2d at 670 (citing Fed. R. Civ. P. 56(c), (e); and *Celotex,* 477 U.S. at 324).  Here, Mr. Moore has simply provided no evidence that he engaged in protected speech or to rebut the Library's explanation that it banned him from the Library because of his disruptive behavior, including allegedly sexually harassing an employee, rather than for purportedly distributing religious materials.  Mr. Moore only provides unsubstantiated hearsay of an unidentified employee who Mr. Moore claims told him that the Library banned Mr. Moore because he purportedly distributed religious materials.  *See* doc. 44 at 2.  Unfortunately for Mr. Moore, a party cannot rely on inadmissable hearsay to defeat summary judgment.  *See McMillian v. Johnson*, 88 F.3d 1573, 1584 (11th Cir. 1996); Fed. R. Evid. 802.  Relatedly, Mr. Moore has also correspondingly failed to support his own motion for summary judgment with any actual evidence.   Accordingly, Mr. Moore's First Amendment claim fails.

### B. Due Process - Fourteenth Amendment Claim

Regarding Mr. Moore's due process claim, he asserts that the Library expelled him and had him arrested "without just cause" and without "further

investigating the allegations against [him]." Doc. 44 at 1, 3. However, again, Mr. Moore fails to provide any actual evidence to support this claim. In contrast, the Library has presented evidence that it expelled Mr. Moore because its investigation concluded that it had a credible basis to believe the complaints that Mr. Moore sexually harassed an employee and disrupted Library employees and patrons. *See* doc. 41. Indeed, the evidence shows that two employees reported Mr. Moore for writing notes to Fan asking her out and alleged also that Mr. Moore disguised his voice to sound like a woman when he called on multiple occasions to ask for Fan. *See id.* at 24. The evidence also included allegations that Mr. Moore made "disturbing" calls to the Library's staff. *See id.* at 18. While Mr. Moore denies these allegations, the truth or falsity of these allegations is irrelevant for this court's analysis. Rather, as the Eleventh Circuit aptly put it, "[w]e can assume for purposes of this opinion that the complaining employees interviewed by. . . [The Library] were lying through their teeth." *Elrod v. Sears, Roebuck & Co.*, 939 F.2d 1466, 1470 (11th Cir. 1991). The relevant inquiry instead is whether the Library had a reasonable basis to believe the allegations against Mr. Moore. *Id*. Given the complaints against Mr. Moore by Fan and Branch and the multiple employees who witnessed Mr. Moore's February 24, 2012 outburst, the court finds that the Library has presented substantial evidence to support its conclusion that it

had a reasonable basis to ban Mr. Moore from its premises. Ultimately, Mr. Moore failed to present any credible evidence to show that the Library acted unreasonably when it credited the allegations against him. Instead, Mr. Moore simply makes conclusory accusations in his summary judgment briefs. But, as the court stated previously, without more, his claims fail.

Moreover, Mr. Moore's claims fail because it is settled law that municipalities cannot be held liable on a *respondeat superior* theory under Section 1983. *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690-91 (1978); *see also Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 166 (1993). In other words, a municipality is responsible for its own acts but not the acts of its employees. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 478-79 (1986). Thus, a municipality is liable only "when execution of a government's policy or custom . . . inflicts the injury." *Monell*, 436 U.S. at 694.

Mr. Moore has presented no evidence that the Library's policies prohibiting sexual harassment or disruptive behavior inflicted unreasonable discriminatory injury upon him. Rather, the evidence presented shows that the Library acted justifiably in enforcing its policies against Mr. Moore. Indeed, as the Library pointed out, the Supreme Court found that "[a] State or its instrumentality may, of course, regulate the use of its libraries or other public facilities. But it must do so

in a reasonable and nondiscriminatory manner, equally applicable to all and administered with equality to all. It may not do so as to some and not as to all." *Brown v. State of La.*, 383 U.S. 131, 143 (1966).  Based on the evidence before this court, the Library acted reasonably and in a non-discriminatory manner. Accordingly, in light of Mr. Moore's failure to support his claims, the Library's motion for summary judgment is **GRANTED**.

## IV.  <u>CONCLUSION</u>

Based on the foregoing reasons, Mr. Moore failed to establish a claim under the First or Fourteenth Amendments.  Therefore, the Birmingham Library's motion for summary judgment is **GRANTED**, and Mr. Moore's motion is **DENIED**.  This case is **DISMISSED with prejudice**.

**DONE** the 9th day of April, 2013.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE